The policy was upon the steamboat Meteor, her tackle, etc., at and from Philadelphia to New York, with liberty to touch and stay at any ports and places, if thereunto obliged by stress of weather or other unavoidable accident. The perils insured against were those of the sea and such as are covered by marine policies, including fires.
The vessel was destroyed by fire, after the commencement of the voyage, and while laying at the wharf at Chester, on the Delaware river, an interjacent port between Philadelphia and New York. The voyage was interrupted for the repair, at the place of the loss, of a defect or crack in the steam chimney, which existed and was known to the owners of the vessel before the departure from Philadelphia. The repairs were not made necessary by any thing that occurred after the commencement of the voyage, or by any of the perils insured against. Neither was the steamer "obliged by stress of weather or other unavoidable accident," to touch or stay at the port or place at which she was burned. The delay at that place was the voluntary act of those in charge of the vessel, and was not excused by any of the circumstances which are recognized as justifying a deviation from the usual course of a voyage as between insurers and insured. If, therefore, the delay was a departure from the due and usual course of the voyage insured, it was a violation of the implied conditions of the policy, and the risk had terminated at the time of the loss. A deviation is a varying from the route insured against without necessity or just cause after the risk has begun, and the effect of a deviation is to discharge the underwriters whether the risk is thereby enhanced or not. It is not confined *Page 485 
to a departure from or going out of the direct or usual course of the voyage, but it comprehends unusual or unnecessary delay, or any act of the assured or his agents, which, without necessity or just cause, increases or changes the risks included in the policy. Whenever the insurance is upon a specific voyage, there is an implied condition to be performed by the assured that the ship shall pursue the most direct course, and that the voyage shall be prosecuted to its final termination with a reasonable diligence and without unnecessary delays. Any failure to comply with this condition alters the nature of the risk assumed by the underwriters, and from the instant of such failure terminates the insurance. (Park on Ins., 294; Arnold on Ins., 341, 342; Parsons on Marine Ins., 1.) In an insurance upon a specific voyage the commencement and termination are given, and if the insured intends or designs that the voyage should be interrupted, the contract should provide for all the stops and delays intended in the course of the voyage. Otherwise the insurers will not be able to judge of the nature and extent of the risks to be encountered. If the insured may break up a single voyage between the termini named in the policy, at his own pleasure or for his profit or convenience, into several, by stopping at intermediate ports, he may essentially vary the risk, and the estimate of the underwriter will be of no value.
Permission to touch and stay at Chester for repairs or any other purpose was not given by the contract of insurance, and the risk was necessarily varied by such act. The vessel was exposed to perils while at the wharf, in charge of one or more of the hands and the chief officers absent, which she would not have encountered in the due prosecution of the voyage. The voyage was also prolonged, and the continuance of the risk in point of time increased, if the policy was valid, while the vessel should be detained at the intermediate port, and was to continue as provided in the policy until she safely arrived at New York and "should be moored twenty-four hours in good safety." It is self-evident that a risk upon a vessel at and from Philadelphia to New York direct and without delay, is *Page 486 
essentially different from a like risk, with liberty to touch and stay at intermediate ports. By a policy upon a vessel "at and from Philadelphia to Chester, and at and from thence to New York, or "at and from Philadelphia to New York, with liberty to stop at Chester for repairs," a different voyage is insured, and a different risk assumed, than by a policy on a voyage direct between the two extreme termini. If a vessel goes designedly and unnecessarily in the least out of her course, or lie by and interrupt the voyage without necessity and without the assent of the underwriter the risk is substantially changed, and such change of risk is a deviation which terminates the insurance. (2 Par. on Mar. Ins., 9.) Lord MANSFIELD, in Petty v. Royal Ex.Assurance Co. (1 Burr., 341), says: "If the chance is varied, or the voyage altered by the fault of the owner or master of the ship, the insurer ceases to be liable."
In the absence of any usage or stipulation to the contrary, the meaning of the parties to the policy is that the ship shall proceed from one terminus of the voyage insured, to the other, in a direct course, with all due expedition and without touching at any interjacent port, or pursuing any intermediate adventure. (1 Arnold on Ins., 354; Brown v. Tayleur, 4 A. E., 241;Coffin v. Newburyport M. Ins. Co., 9 Mass., 436; Hobart v.Norton, 8 Pick., 159; Fernandez v. Great West. Ins. Co.,48 N Y, 571.)
The question now under consideration, cannot arise upon time policies, as there can ordinarily be no deviation under policies of that character. Dixon v. Sadler (5 M. W., 405), was upon such a policy. The cases involving the question of seaworthiness in different stages of a voyage, or those in which the effect of a license to touch and stay at intermediate ports are considered, some of which were cited by the learned counsel for the plaintiff, do not bear upon the case in hand, or elucidate any principle involved, and need not therefore be particularly referred to.
We are of the opinion that the policy was terminated by the interruption of the voyage and the delay at Chester without *Page 487 
the assent of the underwriters. As this leads to a judgment for the defendant, we do not consider the other serious questions presented.
The order granting a new trial should be affirmed and judgment absolute for the defendant, pursuant to stipulation.
All concur.
Order affirmed and judgment accordingly.